UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: TONY FU,

                Appellant.

Case No. 18-cv-00919-HSG

**ORDER DENYING MOTION FOR
LEAVE TO APPEAL**

Re: Dkt. No. 8

      On February 13, 2018, Appellant Tony Fu filed this appeal from an order of the U.S. Bankruptcy Court. *See* Dkt. No. 1. In that order, the Bankruptcy Court held Appellee Demas Yan in contempt, and granted in part and denied in part Fu's motion to dismiss. *See* Dkt. No. 1-1 ("Bankruptcy Order"). Two months later, on April 16, 2018, Fu filed a motion for leave to appeal the Bankruptcy Order. Dkt. No. 8. In his motion for leave, Fu argues that the Bankruptcy Court abused its discretion by allowing Yan to proceed in view of a 2013 Bankruptcy Court order determining Yan to be a vexatious litigant. *See id.* at 4. The Court **DENIES** Fu's motion for leave to appeal.

      28 U.S.C. § 158 provides district courts with discretion to hear interlocutory appeals. *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003). In general, a court's order denying a dismissal motion is interlocutory because it neither "ends the litigation on the merits," nor "leaves nothing for the court to do but execute the judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (quotation omitted). "To determine whether an interlocutory order may be appealed," courts in this district have considered "whether the 'order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate

termination of the litigation' and also 'whether denying leave will result in wasted litigation and expense.'" *In re Cameron*, No. C 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014) (quoting *In re Roderick Timber Co.,* 185 B.R. 601, 604 (B.A.P. 9th Cir.1995)). "Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist." *Id.*

The Court, in its discretion, concludes that the circumstances do not warrant an interlocutory appeal. The Bankruptcy Court's order is well-reasoned. In its order, the Bankruptcy Court specifically recognized that Yan was "subject to a vexatious litigant order which bars him from filing any action" against Fu in that court. Bankruptcy Order at 1. The Bankruptcy Court accordingly issued an Order to Show Cause why it should not hold Yan in contempt for violating the vexatious litigant order, and held a hearing on Yan's response to the order show cause. *Id.* at 1-2. Finding Yan's response inadequate, the Court held him in contempt. *Id.* Nonetheless, the Bankruptcy Court allowed one of Yan's claims to proceed, noting that this claim involved acts after the vexatious litigant order issued. *Id.* at 2. The Bankruptcy Court stated that it would have granted Yan leave to pursue that claim had he complied with the procedures outlined in the vexatious litigant order. *Id.* at 2. In addition, the Bankruptcy Court found that the other plaintiffs, also Appellees in this action, could litigate their well-pled claims against Fu. *Id.* That finding likewise formed the basis for the Bankruptcy Court's partial denial of Fu's motion to dismiss. *Id.*

For these reasons, the Court **DENIES** Fu's motion for leave to appeal. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  4/17/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2